This was an action of assumpsit brought by the plaintiffs against the defendants as executors of James McNairy, deceased. The plaintiffs proved that they were partners in carrying on the business of harness and saddle making in the town of Greensboro; that the (451) defendant's testator contracted with the plaintiffs to take, as an apprentice, one of his sons, and to teach him the art and mystery of harness and saddle making, and that he was to remain with the plaintiffs five years; that, in pursuance of the said agreement, the testator's son went into the employment of the plaintiffs about March, 1837, and remained there until the latter part of December, 1839, when his father took him home and sent him to school. *Page 323 
The defendants offered evidence to prove that the plaintiffs dissolved partnership, some time early in 1840, the precise time not distinctly established.
The defendants' counsel insisted that although the father might have taken away his son before the term of apprenticeship had expired, yet if the plaintiffs dissolved partnership before the expiration of that term they could only recover damages up to the period of dissolution. The court entertained a different opinion, and charged the jury that if they should be of opinion that the father made the contract, as proven, with the plaintiffs, and took his son away from the plaintiffs contrary to their wishes and before the partnership was dissolved, they were entitled to recover damages for the loss of the services of the son for the unexpired time for which he had been bound by his father, although the partnership between the plaintiffs had been dissolved before the end of the term of service. There was a verdict according to these instructions, and from the judgment thereon the defendants appealed.
This was an action of assumpsit, brought to recover damages for the breach of the special contract stated in the case. The plaintiffs' declaration avers that they had taught the boy, and were at all times ready and willing to teach the said boy, (452) according to the terms of the contract; but that the defendants' intestate, in breach of his said contract, had taken his son from the plaintiffs' service, to their damage, etc. The evidence on the trial showed that the plaintiffs were partners in the business of saddle and harness making. The partnership was by them dissolved but a very short time after the boy left the shop; and there was no evidence in the case to support the allegation in the declaration that they were at all times during the time of the contract ready and willing to teach the boy in the business of harness and saddle making. The contract had certainly been broken by the defendants' intestate. Then, what did the plaintiffs offer to show in evidence? That they had been injured beyond the loss of the services of the boy up to the dissolution of the firm. The boy was not partnership effects to be divided. The plaintiffs offered no evidence that they jointly were in a situation to instruct the boy, after the dissolution of the firm. They failed to prove an essential part of their declaration, to wit, that they were at all times ready and willing to instruct the boy. This was a condition precedent in the special contract which it behooves the plaintiffs to make out satisfactorily to the jury had been by them performed, or that they had been always ready to perform. Where was *Page 324 
the quid pro quo for damages ulterior to the dissolution? There was no consideration for such ulterior damages; and the jury would not probably have given them if the court had left them uninstructed on this point. There is no rule of law or ethics, that we know of, that could authorize the court to tell the jury that the plaintiffs were entitled to recover damages for the loss of the services of the boy during the time they, the plaintiffs, were unable by their own act to teach and instruct him in the business of saddle and harness making. If the plaintiffs had produced evidence that they jointly were at all times ready and willing to instruct the boy, notwithstanding the dissolution of the firm, (453) the verdict might then be right. But no evidence was produced by the plaintiffs, on whom the onus lay, to show that the condition precedent, mentioned in the contract, had been performed in extenso, nor was any readiness by them to perform it shown. We think that there must be a new trial.